IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOWARD JOHNSON,

    Plaintiff,                    No. CIV. S-09-2971 MCE GGH PS

    vs.

RUSSLE GRIFFIN,

    Defendant.                 ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed an action together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. However, the certificate portion of the request which must be completed by plaintiff's institution of incarceration has not been filled out. Also, plaintiff has not filed a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). Plaintiff will be provided the opportunity to submit a completed in forma pauperis application and a certified copy in support of his application.

        Determining plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

1

an immune defendant.

A claim is frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

A complaint, or portion thereof, fails to state a claim if it appears beyond doubt there is no set of supporting facts entitling plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

The court is unable to determine a jurisdictional basis for this action. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish." Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2. See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v. Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000.  For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

The complaint alleges that defendant Griffin, plaintiff's former defense attorney, was ineffective in representing him in his criminal trial.  The allegations in the complaint assert a claim for negligence only, which does not implicate federal law.  Although plaintiff references the Civil Rights Act in the caption of his filing, it is pre-printed on the form complaint plaintiff has utilized.  Plaintiff also mentions in passing that defendant "purposely violated plaintiff's constitutional rights which was due process, as well as cruel and unusual punishment, and ineffective assistance of counsel; as well as discrimination."  However, he mentions these legal terms nowhere else in the complaint, and the entirety of his complaint alleges failures which might amount to malpractice only, but do not implicate any federal violations.

Simple reference to federal law does not create subject-matter jurisdiction.  Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995).  Subject-matter jurisdiction is created only by pleading a cause of action within the court's original jurisdiction.  Id.  None of these matters

3

1  states a federal claim.  It is plaintiff's obligation to state the basis of the court's jurisdiction in the
2  complaint, and plaintiff has not done so.
3  　　　　　Furthermore, although plaintiff seeks $2.5 million in damages, he and the
4  defendant are not diverse.  Both parties are residents of California.
5  　　　　　Plaintiff is informed that his best course of action is to proceed in state court, and
6  that if he submits a corrected in forma pauperis application, in all likelihood his complaint will
7  be dismissed.
8  　　　　　In accordance with the above, IT IS HEREBY ORDERED that:
9  　　　　　1. Plaintiff shall submit, within thirty days from the date of this order, a
10 completed affidavit in support of his request to proceed in forma pauperis on the form provided
11 by the Clerk of Court;
12 　　　　　2. The Clerk of the Court is directed to send plaintiff a new Application to
13 Proceed In Forma Pauperis By a Prisoner;
14 　　　　　3. Plaintiff shall submit, within thirty days from the date of this order, a certified
15 copy of his prison trust account statement for the six month period immediately preceding the
16 filing of the complaint.  Plaintiff's failure to comply with this order will result in a
17 recommendation that this action be dismissed without prejudice; and
18 　　　　　4. The Clerk of the Court is directed to re-designate this case as a Pro Se case.
19 DATED: December 3, 2009

　　　　　　　　　　　　　　　　　　　　　/s/ Gregory G. Hollows

　　　　　　　　　　　　　　　　　　　　　————————————————————
　　　　　　　　　　　　　　　　　　　　　GREGORY G. HOLLOWS
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

GGH:076/Johnson2971.3c.wpd