IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOWARD JOHNSON,

    Plaintiff,                       No. CIV. S-09-2971 LKK GGH PS

    vs.

RUSSLE GRIFFIN,

    Defendant.                  <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        By order of December 3, 2009, plaintiff was informed that his application for leave to proceed in forma pauperis was deficient. Plaintiff has now submitted another application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1    Determining plaintiff may proceed in forma pauperis does not complete the
2    required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at
3    any time if it determines the allegation of poverty is untrue, or if the action is frivolous or
4    malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against
5    an immune defendant.
6    A claim is frivolous if it has no arguable basis in law or fact.  <u>Neitzke v. Williams</u>,
7    490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984); <u>Jackson</u>
8    <u>v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989).
9    A complaint, or portion thereof, fails to state a claim if it appears beyond doubt
10   there is no set of supporting facts entitling plaintiff to relief.  <u>Hishon v. King & Spalding</u>, 467
11   U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer v. Roosevelt</u>
12   <u>Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
13   this standard, the court must accept as true its allegations, <u>Hospital Bldg. Co. v. Rex Hosp.</u>
14   <u>Trustees</u>, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and
15   resolve all doubts in plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 ( 1969).
16   Pro se pleadings are liberally construed.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519,
17   520-21, 92 S. Ct. 594, 595-96 (1972); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th
18   Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se
19   plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
20   dismissal.  <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987); <u>Franklin</u>, 745 F.2d at 1230.
21   Plaintiff was warned in the previous order that if he submitted a corrected in
22   forma pauperis application, his complaint would probably be dismissed.
23   The court is unable to determine a jurisdictional basis for this action.  A federal
24   court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the
25   Constitution and by Congress.  <u>See</u> <u>Kokkonen v. Guardian Life Ins. Co</u>, 511 U.S. 375, 377, 114
26   S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of the United

States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish." Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2. See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Statutes which regulate specific subject matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5. Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction. See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945). A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction. See Hagans v. Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000. For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute. Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

The complaint alleges that defendant Griffin, plaintiff's former defense attorney, was ineffective in representing him in his criminal trial. The allegations in the complaint assert a claim for negligence only, which does not implicate federal law. Although plaintiff references the Civil Rights Act in the caption of his filing, it is pre-printed on the form complaint plaintiff has utilized. Plaintiff also mentions in passing that defendant "purposely violated plaintiff's constitutional rights which was due process, as well as cruel and unusual punishment, and

1  ineffective assistance of counsel; as well as discrimination." However, he mentions these legal
2  terms nowhere else in the complaint, and the entirety of his complaint alleges failures which
3  might amount to malpractice only, but do not implicate any federal violations.
4         Simple reference to federal law does not create subject-matter jurisdiction. <u>Avitts</u>
5  <u>v. Amoco Prod. Co.</u>, 53 F.3d 690, 694 (5th Cir.1995). Subject-matter jurisdiction is created only
6  by pleading a cause of action within the court's original jurisdiction. <u>Id</u>. None of these matters
7  states a federal claim. It is plaintiff's obligation to state the basis of the court's jurisdiction in the
8  complaint, and plaintiff has not done so.
9         Furthermore, although plaintiff seeks $2.5 million in damages, he and the
10  defendant are not diverse. Both parties are residents of California.
11         Finally, The Civil Rights Act under which this action was filed provides as
12  follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

16  42 U.S.C. § 1983.
17         To the extent that plaintiff seeks to sue his defense counsel, a private party, for
18  money damages, plaintiff is informed that "private parties are not generally acting under color of
19  state law...." <u>Price v. State of Hawaii</u>, 939 F.2d 702, 707-08 (9th Cir. 1991). Moreover, the
20  Supreme Court has determined that a public defender does not act on behalf of the state when
21  performing his role as counsel for a criminal defendant. <u>Polk County v. Dodson</u>, 454 U.S. 312,
22  325, 102 S. Ct. 445, 453 ("public defender does not act under color of state law when performing
23  a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); <u>see</u> <u>also</u>,
24  <u>Miranda v. Clark County</u>, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (public defender is not a
25  state actor subject to suit under § 1983 because his function is to represent client's interests, not
26  those of state or county). It does not matter whether criminal defense counsel has been retained

or appointed; in either case, such an attorney "does not act 'under color of state law.'" Szijarto v. Legeman, 466 F.2d 864 (9th Cir. 1972).

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")

For the aforementioned reasons, amendment would not cure the defects in the complaint.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 04/05/10

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076

Johnson2971.fr.wpd